FARMER *v.* STATE.*

(Division B.  May 7, 1928.)

[116 So. 884.  No. 27107.]

---

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 571, n. 93.

*A. W. T. Falkner,* for appellant.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

ETHRIDGE, P. J. The appellant appeals from a conviction in the circuit court of Lafayette county on a charge of having liquor in possession.

The evidence discloses that on a certain night in December, 1926, the marshal of Oxford, Miss., who was also the deputy sheriff of the county, received information that the appellant was to deliver whisky to certain parties in an alley of the city of Oxford. The marshal, accompanied by a brother officer, repaired to the alley where the whisky was supposed to be delivered, and concealed himself. Shortly after the arrival of the officers, some students from the University came upon the scene at the same time the appellant appeared. The officer stepped from his place of concealment as the appellant, with his hands in his overcoat pockets, approached the students, and said, "All right, boys," or "Hello, boys," whereupon the appellant, upon seeing him, pulled his hands out of his overcoat pockets, with a pint bottle of whisky in each hand, and smashed them together, breaking the bottles. The officer thereupon arrested the appellant, and on the trial his testimony was introduced, resulting in the conviction of the appellant.

The appellant contends that the act of the officer in leaving his place of concealment and going to the place where the appellant was, and the making of the remarks,

above quoted, constituted a part and parcel of an arrest, and that, such marshal having no warrant for his arrest, such arrest was illegal, and that, consequently, the information obtained, having been caused by the officer's act, could not be received in evidence, because procured by means of an unlawful arrest. It is said by the appellant that the statute of the state is silent as to any requirements of the use of specific words on the part of an officer in making an arrest, and that the remark of the officer, "All right, boys," constituted a part and parcel of such arrest. The officer testified that he had not arrested, or attempted to arrest, the appellant at the time he drew the bottles of whisky from his pockets, but that, when he saw the appellant produce the bottles and break them, he then arrested him for a misdemeanor committed in his presence. The appellant did not testify as to what was done, resting his case upon the officer's testimony and upon the theory that the arrest was illegal.

We do not think the officer's testimony shows an arrest prior to the production of the bottles of whisky. The officer had not announced his purpose to make an arrest until the appellant pulled the bottles of whisky from his pocket, which action showed that he had violated the law in possessing intoxicating liquor, and the officer then had a right to arrest the appellant without a warrant for committing a misdemeanor in his presence. We think, from the circumstances given in the record, that the arrest was lawful, and that the evidence was properly admitted. Consequently, the judgment of the court below will be affirmed.

*Affirmed.*